**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JASON L. WICHERT

        Plaintiff                               CASE NO.: 2:07-CV-14363

vs.

PATRICIA CARUSO, et. al.              DISTRICT JUDGE NANCY G. EDMUNDS
                                                               MAGISTRATE JUDGE STEVEN D. PEPE

        Defendants
_____/

**REPORT AND RECOMMENDATION GRANTING**
**DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (DKTS. # 17, 21)**

This is a *pro se* prisoner civil rights action brought under 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Saginaw Correctional Facility ("SRF") in Freeland, Michigan. On October 15, 2007, Plaintiff filed a civil rights claim under 42 U.S.C. § 1983 naming 8 Defendants[1] and alleging deliberate indifference in violation of the Eighth Amendment to the United States' Constitution (Dkt. # 1). On December 18, 2007, Defendants Dellar[2], Levine, and Weippert[3] filed a motion to dismiss, under Federal Rule of Civil Procedure 12(b)(6), or alternatively a motion for summary judgment (Dkt. # 17). On January 10, 2008, Defendants

---

[1] The Defendants are: Patricia Caruso, Director Michigan Department of Corrections; George Pramstaller, Michigan Department of Corrections Bureau of Health Services; Correctional Medical Services; Bonnie Dellar, Nurse; Howard Tyree, Physician's Assistant; J. Weippert, Nurse manager; Elizabeth Levine, Nurse and Dr. Calica. Plaintiff has not served Defendants Caruso and Pramstaller.

[2] Referred to as Defendant Dillard in Plaintiff's complaint.

[3] Referred to a Defendant Weipport in Plaintiff's complaint.

1

Correctional Medical Services, Tyree and Calica filed a motion to dismiss (Dkt. # 21). All pretrial matters were referred to the undersigned on November 16, 2007 (Dkt. # 10). Defendants' motion to dismiss on the exhaustion issue, under Federal Rule of Civil Procedure 12(b), shall be treated as a motion for summary judgment because Plaintiff's grievance is submitted as evidence. For the reasons indicated below, **IT IS RECOMMENDED** that Defendants Correctional Medical Services, Weippert, Levine, and Calica be **DISMISSED** on account of Plaintiff's failure to exhaust his grievances filed against these Defendants. **IT IS RECOMMENDED** that Defendant Dellar's motion for summary judgment be **GRANTED** and that she be **DISMISSED** on account of Plaintiff's failure to state a claim upon which relief can be granted. **IT IS RECOMMENDED** that Defendant Tyree's motion to dismiss be **DENIED**.

**I.     BACKGROUND:**

On October 15, 2007, Plaintiff filed a civil rights claim under 42 U.S.C. § 1983 naming 8 Defendants and alleging Defendants' deliberate indifference in violation of the Eighth Amendment to the United States' Constitution (Dkt. # 1). In his complaint, Plaintiff seeks:

> (1) a declaratory judgment stating that Defendants' medical treatment of Plaintiff violated his Eighth Amendment rights,
> (2) an injunctive order arranging for Plaintiff to (a) have his ankle examined by an orthopedic specialist, (b) hold Plaintiff at his present facility until the litigation is concluded and (c) arrange for Plaintiff to receive any and all medical treatment ordered by orthopedic specialist,
> (3) an injunctive order removing all Defendants from their job,
> (4) an award of compensatory and punitive damages totaling $24 million.

*Id.* at 11.

On April 21, 2007, Plaintiff, while incarcerated at SRF, suffered an ankle injury while playing basketball. *Id.* at 6. Plaintiff reported the incident, and was sent to health services where Plaintiff informed Defendant Dellar that he believed he had broken his foot. Defendant Dellar

told Plaintiff that he did not have a broken foot, his foot was wrapped and he was given crutches. *Id.* No x-rays were taken. On April 23, 2007, Plaintiff submitted a request form asking that an x-ray of his ankle be taken. *Id.* at 7. Plaintiff's request was denied, and his subsequent health care requests were similarly denied.

On May 1, 2007, Defendant Tyree, Physician Assistant, examined Plaintiff, ordered an x-ray and provided a prescription for Motrin. *Id.* On May 8, 2007, Plaintiff received his x-ray, and was told by Defendant Tyree that he had not suffered any broken bones. *Id.* Plaintiff was ordered to return his crutches. On May 10, 2007, Plaintiff was summoned to the infirmary, and told that he had suffered a broken bone in his ankle, but was denied a cast as it was not deemed necessary. *Id.* at 7-8. Plaintiff spoke with Defendant Levine asking that she inform the doctor that he would like a cast and to be placed on a lower bunk. *Id.* at 8.

On May 11, 2007, Plaintiff submitted a request for a cast stating that his ankle would not heal as he bumped it while climbing into the top bunk bed. He was told that nothing could be done until May 14, 2007. On May 14, 2007, Plaintiff called health services complaining of ankle pain and requesting that a cast be placed upon it. *Id.* at 8-9. Plaintiff was told that a cast would be placed on his ankle. Plaintiff also filed grievance SRF-2207-05-2130-12e1 complaining of being denied prompt, proper medical attention (Dkt. # 17, Ex. B). On May 15, 2007, Plaintiff submitted another request for a cast. On May 17, 2007, Plaintiff visited health services and spoke with Defendant Levine who relayed his request for a cast to the doctor. *Id.* at 9. Defendant Levine told Plaintiff that he "did not need a cast because the bone wasn't displaced."

On May 18, 2007, Plaintiff was called to health services where he spoke with Defendant

Weippert who agreed that Plaintiff should have been given an x-ray at the time of the injury and once the break discovered a cast placed on his ankle. Defendant Weippert told Plaintiff that the procedure for dealing with ankle injuries would be changed, and she ordered that Plaintiff be placed on a lower bunk. On May 21, 2007, Plaintiff was given an air cast which remained on his ankle for two months. *Id.* at 11.

## II. Legal Analysis:

### A. Prison Litigation Reform Act

Under the Prisoner Litigation Reform Act ("PLRA"), a prison inmate cannot maintain a civil rights action challenging prison conditions if he did not first exhaust "such administrative remedies as are available." The Supreme Court clarified that a prisoner must follow the state corrections system's procedures and *properly* exhaust all administrative remedies before he may bring an action in federal court. *Woodford v. Ngo*, 126 S. Ct. 2378 (2006). Proper exhaustion requires "compliance with an agency's deadlines and other critical procedural rules." *Id.* at 2386. The *Woodford* Court explained:

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . . For example, a prisoner wishing to bypass available administrative remedies could simply file a late grievance without providing any reason for failing to file on time. If the prison then rejects the grievance as untimely, the prisoner could proceed directly to federal court. And acceptance of the late grievance would not thwart the prisoner's wish to bypass the administrative process; the prisoner could easily achieve this by violating other procedural rules until the prison administration has no alternative but to dismiss the grievance on procedural grounds. We are confident that the PLRA did not create such a toothless scheme.

*Id.* at 2388. Thus, an untimely or otherwise improper grievance, even though appealed through

4

all steps of a grievance procedure, does not fulfill the PLRA exhaustion requirement. In *Jones v. Bock*, 127 S. Ct. 910 (2007), the Supreme Court overturned the Sixth Circuit's total exhaustion rule and its requirement that prisoners specifically plead exhaustion in their complaints. It may still be raised as an affirmative defense by defendants.

**B.     Rule 12(b)(6)**

Fed. R. Civ. P 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even in everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1965 (2007), *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations," *Twombly*, 127 S.Ct. at 1965 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

"However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Columbia Natural Res., Inc. V. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1994). "In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.*" In re DeLorean*, 991 F.2d 1236, 1240 (6th Cir. 1993) (emphasis in original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir.1988)). *See also, Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987) (liberal Rule 12(b)(6) review is not afforded legal conclusions and unwarranted factual inferences); *Ana Leon T. v. Federal Reserve Bank*, 823 F.2d

928, 930 (6th Cir. 1987) (*per curiam*) (mere conclusions are not afforded liberal Rule 12(b)(6) review).

*Conley v. Gibson*, 355 U.S. 41, 46 (1957), spoke of "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (Emphasis supplied.). *Twombly*, notes that under a "literal reading of *Conley's* 'no set of facts' standard, a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Twombly*, 127 S.Ct. at 1968. *Twombly*, rejects this literal reading of *Conley* and required that pleadings state sufficient facts to show not just a possible, but a "plausible" claim of relief. Instead of the 'no set of facts' standard of *Conley*, *Twombly* endorsed the standard that a complaint be plausible to the extent that from the facts alleged there is a " 'reasonably founded hope' that a plaintiff would be able to make a case," citing *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005) and its quote from *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741 (1975).

**C.     Summary Judgment**

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record that

demonstrate the absence of a genuine dispute over material facts. *Mt. Lebanon Pers. Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002). In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983). But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

The party opposing the motion then may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

Summary judgment is improper, however, if the non-movant has not been afforded a sufficient opportunity for discovery. *White's Landing Fisheries, Inc. v. Buchholzer,* 29 F.3d 229, 231-32 (6th Cir. 1994), *accord Plott v. General Motors Corp.*, 71 F.3d 1190, 1195 (6th Cir. 1995) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n. 5, 106 S. Ct. 2505, 2511 n. 5, 91 L. Ed. 2d 202 (1986)), *cert. denied,* 517 U.S. 1157, 116 S. Ct. 1546 (1996). Only the

exhaustion defense has evidence submitted for Rule 56 consideration.

**III.    Factual Analysis**

**A.    Defendants' Motion for Summary Judgment**

    **1.    PLRA and Plaintiff's Grievances**

At the time of the incidents which give rise to the present action, Plaintiff was incarcerated at the SRF, part of the Michigan Department of Corrections ("MDOC"). Prisoners at MDOC facilities are given the right to "[seek] redress for alleged violations of policy and procedure or unsatisfactory conditions," but prisoners making grievances must follow certain rules and deadlines. Policy Directive ("PD") 03.02.130 Preamble. These requirements are laid out in MDOC Policy Directive, PD 03.02.130 (effective 12/19/03), Prisoner/Parolee Grievances (the "Policy Directive" or "PD").

The Policy Directive first requires that, within two business days of becoming aware of a grievable issue, a prisoner must first make an informal attempt to resolve it, unless he is prevented from doing so by circumstances outside of his control. PD 03.02.130(R). If he is dissatisfied with the result of this attempt, he may proceed to Step I of the grievance process. On a form supplied by MDOC, the prisoner must briefly describe the facts of the issue being grieved. PD 03.02.130(T). This form must be filed with a designated Grievance Coordinator within five business days of the prisoner's informal attempt at resolution. PD 03.02.130(X).

If the prisoner is dissatisfied with the Step I response, he may appeal to Step II by obtaining an appeal form within five business days of the response and submitting the appeal within five business days of obtaining the form. PD 03.02.130(DD). The Step II respondent is designated by the Policy Directive, such as the Parole Board Chairperson for grievances

involving the Parole Board. If the prisoner is still dissatisfied after receiving the Step II response, he may appeal to Step III using the same appeal form. The Prisoner Affairs Section, on behalf of the MDOC Director, is the respondent for Step III appeals.

On May 14, 2007, Plaintiff filed grievance SRF-2207-05-2130-12e1 complaining of being denied prompt, proper medical attention (Dkt. # 17, Ex. B). In the grievance, Plaintiff refers to two people: (1) the nurse who initially examined him on April 21, 2007, and (2) P.A. Howard. *Id.* These individuals are Defendants Bonnie Dellar and Howard Tyree. While Plaintiff timely filed and exhausted his grievance, it does not address all Defendants named in Plaintiff's complaint. In *Jones v. Bock*, 127 S. Ct. 910 (2007), the Supreme Court held that while a Plaintiff need not name all Defendants in a grievance, compliance with prison policy forms the basis for total exhaustion. Total exhaustion is an affirmative defense that can be raised by Defendants. Plaintiff did not name Defendants Correctional Medical Services, Weippert, Levine or Calica in his grievance. MDOC policy directive 03.02.130(R) requires prisoners to list dates, times, places, and names of all those involved in their grievances.[4] Accordingly, Plaintiff by not naming Defendants Correctional Medical Services, Weippert, Levine or Calica in any grievance has failed to exhaust the grievance process with regard to them. Given Plaintiff's failure to properly exhaust, **IT IS RECOMMENDED** that Defendants Correctional Medical Services, Weippert, Levin and Calica be **DISMISSED**.

**B.    Defendants's Rule 12(b)(6) Motion to Dismiss:**

Defendant Tyree asserts that Plaintiff did not properly exhaust the grievance process because he failed to attempt to resolve the issue informally before filing his grievance as

---

[4] This policy directive was amended to require names and replaced the policy directive under consideration in *Jones v. Bock* which did not have that specific requirement.

required by PD 03.02.130(R).  Had the grievance been rejected for this reason, this defense would be available, but it appears this was waived in the grievance being accepted and processed through Step III.  Courts should not become involved in second guessing state grievance determinations.

Defendant Dellar was not specifically named in the grievance, but the nurse he initially saw was identified.  Nurse Joyce Weippert apparently as a supervisor responded to the grievance, and at Step III Jeannie Stephenson acted as respondent.  The response makes clear they had access to Plaintiff's medical records and likely knew who the intake nurse was on April 21, 2007.  Because it is recommended that Defendant Dellar be dismissed for failure to state a claim, we need not determine whether she was sufficiently identified in the grievance.

1. **Deliberate Indifference:**

With regard to the claims of the grievance Plaintiff fully exhausted, this Court is required to examine whether or not the grievance or other submissions concerning the grievance provide sufficient facts to uphold a claim of deliberate indifference under the Eighth Amendment.  In *Estelle*, the Supreme Court concluded that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, which violates the Eighth Amendment.  *Id*. at 104.  The *Estelle* Court recognized that even in less serious cases, where the prisoner does not experience severe torment or a lingering death, the infliction of unnecessary suffering is inconsistent with standards of decency.  *Id*. at 103.  Specifically, the Supreme Court stated: "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.  It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment."  *Id.* at

106.

"The standard enunciated in *Estelle* is two-pronged: '[i]t requires deliberate indifference on the part of the prison officials and it requires the prisoner's medical needs to be serious.' " *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326 (3d Cir.1987), quoting *West v. Keve*, 571 F.2d 158, 162 (3d Cir. 1978). In examining Plaintiff's properly exhausted grievance, it is clear that none of the claims raised by the Plaintiff meet the standard articulated by *Estelle*.

"Deliberate indifference" has been variously defined by the federal courts that have considered prisoners' Eighth Amendment claims, but all agree that it is more than mere negligence and less than actual intent. In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court explained the meaning of "deliberate indifference:"

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; *the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference*. . . . Eighth Amendment suits against prison officials must satisfy a "subjective" requirement .

511 U.S. at 836-37 (emphasis supplied). *See also Estelle*, 429 U.S. at 105-06 (stating that a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim under the Eighth Amendment); *Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1995) (stating that deliberate indifference is the equivalent of "criminal recklessness, which requires a subjective showing that the defendant was aware of the risk of harm"); *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992) ("Obduracy or wantonness, not inadvertence or good faith error, characterizes deliberate indifference.").

"In the context of prison cases involving assault by other inmates, mere negligence on the

part of prison officials is not sufficient to give rise to culpability under the eighth amendment." *Stewart v. Love*, 696 F.2d 43 (6th Cir. 1982) (quoting *United States v. Twomey*, 479 F.2d 701, 721 (7th Cir.1973), *cert.* denied,414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 102 (1974)); *Williams v. Field*, 416 F.2d 483 (9th Cir.1969), cert. denied, 397 U.S. 1016, 90 S.Ct. 1252, 25 L.Ed.2d 431 (1970). Further, liability under § 1983 must be based on "active unconstitutional behavior and cannot be based upon "a mere failure to act." *Shehee v Lutrell*, 199 F3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v University of Tennessee*, 159 F3d 199, 206 (6th Cir. 1998), cert denied, 119 S Ct 1763 (1999)).

Accordingly, even "gross negligence" by prison officials is insufficient to support a deliberate indifference claim. *Ribble v. Lucky*, 817 F. Supp. 653, 655 (E.D. Mich. 1993). As noted in *Estelle*, "[i]n order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. Delay in access to medical attention can violate the Eighth Amendment when it is "tantamount to 'unnecessary and wanton infliction of pain.'" *Hill v. DeKalb Regional Youth Detention Center*, 40 F.3d 1176, 1187 (6th Cir. 1994) (quoting *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir.) (per curiam), *cert. denied*, 496 U.S. 928 (1990)). The Sixth Circuit has stated that:

> [w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.

*Westlake*, 537 F.2d at 860-61 n.5.

With regard to Defendant Bonnie Dellar, Plaintiff's complaint states that on April 21, 2007, after injuring his ankle, Defendant Dellar treated Plaintiff. Plaintiff told her that he

12

thought his foot was broken (Dkt. # 1, p. 6). Defendant Dellar told him that his "foot was not broken, without even examining the foot" stating that he did not need an x-ray. *Id.* Defendant Dellar placed Plaintiff's ankle in an Ace bandage and issued him crutches. *Id.* at 6-7. Taking everything asserted by Plaintiff as fact, the medical care provided by Defendant Dellar may well have been negligent, but does not rise the to level of deliberate indifference of Plaintiff's serious medical needs. There is no indication that the severity of Plaintiff's injury was open and obvious. His injury was not a compound fracture nor did it even involve a dislocation. A medical provider is not bound by a patient's subjective self-assessment of the nature of the injury. Thus, Plaintiff has not asserted facts from which it could be concluded that Defendant Dellar actually knew his ankle was broken and deliberately refused appropriate treatment. The facts asserted at most state a degree of negligence short of deliberate indifference.

Defendant Tyree, upon seeing the condition of Plaintiff's ankle ordered an x-ray of his ankle. Physician Assistant Tyree's examination of Plaintiff's x-ray concluding there was no break was clearly in error. Unlike Nurse Dellar, Defendant Tyree had additional objective evidence of Plaintiff's impairment. Continued swelling ten days after injury and an X-ray apparently showing a non-dislocated fracture. Read in the light most favorable to Plaintiff, it cannot be said that with discovery of Plaintiff's X-ray and other medical records that it is reasonably plausible that a deliberate indifference claim can be demonstrated. If the X-ray is such that a fact-finder could conclude that on reviewing it Physician's Assistant Tyree knew of and chose to ignore the break – even if only to cover up earlier malpractice – such evidence could demonstrate a wanton disregard of Plaintiff's serious medical need. Thus, this claim should not be dismissed under Rule 12(b)(6). For the reasons stated above, **IT IS**

**RECOMMENDED** that, with regard to Defendant Dellar, Defendants' motion for summary judgment be **GRANTED** and that Defendant Dellar be **DISMISSED**. With regard to Defendant Tyree, it is recommended that Defendant Tyree's motion be **DENIED**.

### III. Conclusion:

Accordingly, **IT IS RECOMMENDED** that Defendants Correctional Medical Services, Weippert, Levine, and Calica motion be **DISMISSED** on account of Plaintiff's failure to exhaust his grievances filed against these Defendants. **IT IS RECOMMENDED** that Defendant Dellar's motion for summary judgment be **GRANTED** and that she be **DISMISSED** on account of Plaintiff's failure to state a claim upon which relief can be granted. **IT IS RECOMMENDED** that Defendant Tyree's motion be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof, as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the

opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections. If the Court determines any objections are without merit, it may rule without awaiting the response to the objections.

Dated: April 15, 2008                                  s/Steven D. Pepe

Ann Arbor, Michigan                                    United States Magistrate Judge


**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Report and Recommendation* was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 15, 2008.

                                       s/ Alissa Greer
                                       Case Manager to Magistrate
                                       Judge Steven D. Pepe
                                       (734) 741-2298