UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON L. WICHERT,
        Plaintiff,                  CASE NO.: 2:07-CV-14363

vs.                                  DISTRICT JUDGE NANCY G. EDMUNDS
                                     MAGISTRATE JUDGE STEVEN D. PEPE
PATRICIA CARUSO, et. al.,
        Defendants.
                               /

**ORDER GRANTING MOTION FOR APPOINTMENT OF COUNSEL (DKT. # 40)**

On June 17, 2008, Plaintiff filed this Motion for Appointment of Counsel (Dkt. # 40). All pretrial matters were referred to the undersigned on November 16, 2007 (Dkt. # 10). For the reasons indicated below, Plaintiff's Application for Appointment of Counsel is **GRANTED**.

Plaintiff seeks to have this Court appoint an attorney to assist him with his case. Under 28 U.S.C. § 1915(e)(1), a federal court may request counsel to represent an indigent plaintiff. 28 U.S.C. § 1915(e)(1); *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). Appointment of counsel for an indigent party is a privilege justified only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). To determine whether exceptional circumstances necessitating the appointment of counsel are present, courts consider the type of case involved, the ability of the plaintiff to represent himself, the complexity of the factual and legal issues, and whether the plaintiff's claims are frivolous or have an extremely small likelihood of success. *Id.*; *Reneer*, 975 F.2d at 261; *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985).

On October 15, 2007, Plaintiff, who is incarcerated at Saginaw Correctional Facility, filed a civil rights claim under 42 U.S.C. § 1983 naming 7 Defendants alleging their deliberate

indifference in violation of the Eighth Amendment to the United States Constitution (Dkt. # 1). Plaintiff's suit arises from an ankle injury suffered while playing basketball. *Id*. at 6. Plaintiff reported the incident, and was sent to health care where Plaintiff informed staff that he believed he had broken his foot. Plaintiff was told that he did not have a broken foot, his foot was wrapped and he was given crutches. *Id*. No x-rays were taken. Subsequently, Plaintiff complained about ankle pain and requested an x-ray. On May 1, 2007, Physician Assistant Tyree ("P.A.") examined Plaintiff, ordered an x-ray and provided a prescription for Motrin. *Id*. at 7. On May 8, 2007, Plaintiff received an x-ray, and was told by P.A. Tyree that he had not suffered any broken bones. *Id*. On May 10, 2007, Plaintiff was summoned to the infirmary, and told that he had suffered a broken bone, but was denied a cast. *Id*. at 7-8. Plaintiff was placed on a lower bunk, and on May 21, 2007, he was given an air cast which remained on his ankle for two months. *Id*. at 11.

On December 18, 2007, Defendants Weippert,[1] Levine, and Dellar[2] filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), or alternatively a motion for summary judgment under Fed. R. Civ. P. 56(b) (Dkt. # 17). On January 10, 2008, Defendants Correctional Medical Services, Tyree and Calica filed a motion to dismiss pursuant to FRCP 12(b)(6) (Dkt. # 21). All pretrial matters were referred to the undersigned on November 16, 2007 (Dkt. # 10). The undersigned issued a Report and Recommendation addressing both motions and recommending dismissal of all Defendants but P.A. Tyree (Dkt. # 28). The Report and Recommendation was referred to District Court Judge Nancy Edmunds, who, on May 6, 2008, issued an Order adopting the undersigned's Report and Recommendation (Dkt. # 32).

---

[1] Referred to a Defendant Weipport in Plaintiff's complaint.

[2] Referred to as Defendant Dillard in Plaintiff's complaint.

Defendants Correctional Medical Services, Weippert, Levine, and Calica were dismissed because of Plaintiff's failure to exhaust his grievances against them. Defendant Dellar's motion for summary judgment was granted and she was dismissed on account of Plaintiff's failure to state a claim upon which relief can be granted. Defendant Tyree's motion for summary judgment was denied. *Id*.

Since Judge Edmund's Order (Dkt. # 32), both Plaintiff and Defendant Tyree have filed several motions. These motions include Defendant Tyree's Motion for Protective Order (Dkt. # 35) as well as a Motion to Take Deposition from the Plaintiff (Dkt. # 38). Plaintiff has also filed a Motion for Protective Order (Dkt. # 41).

Given both the fact that Plaintiff's Eighth Amendment claim against Defendant Tyree survived a motion to dismiss as well as the recent flurry of motions, Plaintiff is in a position of "exceptional circumstances" justifying appointment of counsel. *See Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) ("The appointment of counsel to civil litigants is a decision left to the sound discretion of the district court.").

Accordingly, Plaintiff's application for appointment of counsel is **GRANTED**. All proceedings are stayed until counsel had been appointed.

**SO ORDERED.**


Date: July 7, 2008                                                                                                        s/Steven D. Pepe
Ann Arbor, Michigan                                                                                 United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Order* was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 7, 2008.

                                                                                  s/ Alissa Greer  
                                                                                   Case Manager to Magistrate  
                                                                                   Judge Steven D. Pepe  
                                                                                   (734) 741-2298