UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON L. WICHERT,

        Plaintiff,                   CIVIL ACTION NO. 07-14363

   v.                              DISTRICT JUDGE NANCY G. EDMUNDS

                                  MAGISTRATE JUDGE MARK A. RANDON

PATRICIA L. CARUSO, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT
TYREE'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 64)**

This is a prisoner civil rights action brought under 42 U.S.C. § 1983. On October 15, 2007, Plaintiff Jason Wichert filed suit against eight defendants alleging they were deliberately indifferent to his injured foot in violation of the Eighth Amendment to the United States Constitution. (Dkt. No. 1) With the exception of Howard Tyree, a Physician's Assistant ("P.A. Tyree"), all of the defendants have been dismissed by prior Court orders. (Dkt. Nos. 2 and 32)

Presently before the Court is P.A. Tyree's motion for summary judgment. (Dkt. No. 64) All pretrial matters were referred to the undersigned on July 22, 2009 (Dkt. No. 53), and the instant motion has been fully briefed.[1] (Dkt. No. 69) For the reasons indicated below, **IT IS RECOMMENDED** that P.A. Tyree's motion for summary judgment be **GRANTED** and Plaintiff's lawsuit **DISMISSED WITH PREJUDICE**.

---

[1] Plaintiff filed his lawsuit *pro se*, but has since been appointed counsel.

# I.  FACTS

On April 21, 2007, Plaintiff, then an inmate at SRF, suffered an injury to his left foot while playing basketball.[2] (Dkt. No. 1, p. 6)  The yard officer prepared an accident report and sent Plaintiff to Health Services.  There, Plaintiff informed Nurse Dellar that he thought his ankle was broken and requested an x-ray.  Nurse Dellar suspected Plaintiff's injury was due to a sprain, not a fracture.  Accordingly, Plaintiff's foot was treated with ice and wrapped with ACE bandages.  Nurse Dellar also gave Plaintiff crutches, advised him to stay off his feet and placed him on a "No Work Assignment."  (Dkt. No. 64, Ex. A, p. 449, 550, 551)  No x-rays were taken.

On April 23, 2007, Plaintiff submitted a request form asking that an x-ray of his ankle be taken. (Dkt. No.64, Ex. A, p. 546).  Nurse Gardner denied Plaintiff's request, finding that "x-rays were not indicated at this time."  *Id*.

### A.  *P.A. Tyree's Treatment of Plaintiff*

On May 1, 2007, P.A. Tyree examined Plaintiff's foot for the first time.  Like Nurse Dellar, upon examination, P.A. Tyree suspected a sprained ankle. (Dkt. No. 64, Ex. A, p. 540)  However, due to the amount of swelling present, P.A. Tyree prescribed Motrin for Plaintiff's pain and ordered x-rays of Plaintiff's foot.  *Id*.  The x-rays were scheduled for May 8, 2007.  *Id.*

Plaintiff appeared for his x-ray, on May 8, 2007, carrying his crutches and without the ACE wrapping on his foot.  *Id.* at 537.  On or before the date of his x-ray, Plaintiff had also been observed "playing volleyball and carrying his crutches around." *Id.* at 459.  According to the medical records, on May 8, 2007, Plaintiff told P.A. Tyree that his ankle was not bothering him enough to use

---

[2] All of the actions relevant to this complaint transpired while Plaintiff was an inmate at SRF.  Plaintiff is currently housed at the Marquette Branch Prison in Marquette, Michigan.

crutches; Plaintiff was then either asked by P.A. Tyree to turn in his crutches, or did so voluntarily. *Id.* at 537. Plaintiff alleges that, on May 8, 2007, P.A. Tyree again informed him that his ankle was not broken.

On May 9, 2007, Plaintiff's x-rays were read by Lyle Mindlin, D.O., a radiologist. *Id.* at 520. Dr. Mindlin diagnosed an avulsion fracture of Plaintiff's fibula (the outside or lateral bone of the lower leg). Dr. Mindlin's report was transmitted to SRF on May 10, 2007. *Id.* On the same date P.A. Tyree received the radiology report – May 10, 2007 – he summoned Plaintiff to the infirmary and told him that he had, in fact, suffered a broken bone in his ankle. *Id.* at 536. Plaintiff was again given crutches (*id.* at 457); however, P.A. Tyree denied Plaintiff a cast as he deemed it unnecessary for a non-displaced fracture.[3] (Dkt. No.53, Ex. D); (Dkt. No. 1, pp. 7-8). Plaintiff made two additional requests for a cast on May 11 and May 15, 2007, stating that his ankle would not heal as he bumped it while climbing into his top bunk bed. (Dkt. No. 69, Ex. B, ¶¶ 13-14) In response, on May 17, 2007, Nurse Weippert told Plaintiff that his non-displaced fracture would not be helped by a cast and cautioned him to avoid playing sports; she authorized Plaintiff's use of a bottom bunk effective May 18, 2007, and, again, placed Plaintiff on a "No Work Assignment" (Dkt. No. 53, Ex. A, p. 533, 451)

P.A. Tyree next examined Plaintiff on May 21, 2007. *Id.* at 529. P.A. Tyree's objective findings were as follows: "[s]welling has gone down, no redness or warmth anywhere on the left ankle. He has point tenderness just posterior to the medial malleolus. No deformity or crepitus. No Bruising. Sensory and nail blanching are intact." *Id*. However, since Plaintiff continued to report

---

[3] In a non-displaced fracture, the fractured bone segments have not moved out of alignment. See www.mdguidelines.com/fracture-ankle.

discomfort in his left ankle, P.A. Tyree also applied an air cast for better stability, and advised Plaintiff against engaging in "vigorous sports until [the] fracture is better healed." *Id.*

Plaintiff's complaint does not allege any deformity of his foot or present inability to properly ambulate or carry out the daily activities of his life due to his course of treatment. The last apparent medical entry relative to Plaintiff's foot injury – taken six months post-injury – found that he "[a]mbulates with a normal gait. . . no swelling, no deformity." *Id.* at 407.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For an issue to be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party." *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3rd Cir. 2006). For a fact to be material, it must have the ability to "affect the outcome of the suit under governing law." *Id.* Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.

The party moving for summary judgment has the burden of showing that no genuine issue of material fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party does not bear the burden of proof at trial, the moving party may discharge its burden by showing that there is an absence of evidence to support the non-moving party's case. *Id.* at 325. If the moving party can make such a showing, then the burden shifts to the nonmoving party to present evidence that a genuine fact issue exists and a trial is necessary. *Id.* at 324. In meeting its burden, the non-moving party must offer specific facts that establish a material dispute, not simply create "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In deciding whether an issue of material fact exists, the Court

must consider all facts and their reasonable inferences in the light most favorable to the non-moving party. The Court's function, however, is not to weigh the evidence and rule on the truth of the matter, but rather to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If there are no issues that require a trial, then judgment as a matter of law is appropriate. *Id.* at 251-52.

### III.  ANALYSIS

A.  *Eighth Amendment Denial of Adequate Medical Care*

    1.  **Plaintiff's claims against P.A. Tyree must be dismissed**

Plaintiff argues that P.A. Tyree's motion for summary disposition should be denied because P.A. "Tyree, with actual knowledge that Plaintiff's ankle was broken, refused to provide proper treatment to Plaintiff in violation of the Eight Amendment. Additionally, an issue of fact remains as to whether Defendant Tyree informed Plaintiff that his ankle was not broken, despite possessing objective knowledge that Plaintiff's ankle was indeed broken." (Dkt. No. 69, p. 11) As discussed below, Plaintiff's arguments are not well taken.

A prisoner's claim that his constitutional right to medical treatment was violated is analyzed under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97 (1976). To state a § 1983 claim for a violation of a prisoner's Eighth Amendment rights due to inadequate medical care, the prisoner must allege facts evidencing a deliberate indifference to serious medical needs. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). To succeed on a claim of deliberate indifference, Plaintiff must satisfy two elements, an objective one and a subjective one. *Wilson*, 501 U.S. at 300. The objective element is satisfied by a showing that Plaintiff had a serious medical need. *Wilson*, 501 U.S. at 297; *Farmer v. Brennan*, 511 U.S. 825 (1994). "To satisfy the subjective component, Plaintiff must allege facts

which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001), citing *Farmer*, 511 U.S. at 837. Emphasizing the subjective nature of this inquiry, the Supreme Court has noted that "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838. Deliberate indifference is characterized by obduracy and wantonness, not inadvertence or good faith error. *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992). Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986). Nor is Plaintiff entitled to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, No. 4:03cv141-WHB-JCS, 2006 WL 2827551, at *7 (S.D. Miss. Sept. 25, 2006). Moreover, where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, courts are reluctant to second guess medical judgments. *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

      Plaintiff's arguments are addressed in reverse order. The second of Plaintiff's arguments claims that a question of fact exists as to whether P.A. Tyree told Plaintiff his ankle was not broken "despite possessing objective knowledge that Plaintiff's ankle was indeed broken." This argument is contrary to the undisputed medical records in this case and established medical facts of which the Court can take judicial notice. *See Hines v. Secretary of Health and Human Services,* 940 F.2d 1518, 1526 (Fed. Cir.1991) ("[w]ell-known medical facts are the types of matters of which judicial

notice may be taken.") (citing *Franklin Life Insurance Co. v. William Chapman & Company,* 350 F.2d 115, 130 (6th Cir. 1965)*, cert. denied,* 384 U.S. 928 (1966)).

After his initial examination of Plaintiff, P.A. Tyree suspected Plaintiff had suffered a sprained ankle. This assessment was consistent with the established medical fact that about 90% of ankle injuries are due to strains or sprains and only 10-15% are ankle fractures.[4] In addition, "[a]cutely, most fractures will have symptoms very similar to those of ankle sprains: swelling, ecchymosis, ligamentous laxity, tenderness, and decreased range of motion. . .. All of these fractures can have subtle findings on plain radiograph, and computed tomography or magnetic resonance imaging may be required to accurately confirm or characterize a fracture."[5] Nevertheless, due to the presence of pain and swelling, P.A. Tyree ordered X-rays. P.A. Tyree is not a radiologist. Thus, he did not and could not have *definitively* known that Plaintiff's injury was a fracture until the radiology report was transmitted – on May, 10, 2007.

Plaintiff next argues that, after receiving the radiology report, P.A. Tyree was deliberately indifferent in not providing a cast for Plaintiff or providing a bottom bunk. This argument also fails to create a genuine issue for trial for two reasons. First, P.A. Tyree did not believe Plaintiff's fracture required a cast because it was non-displaced and could be treated in the same manner as a sprain. (Dkt. No. 64, Ex. B, ¶¶ 20-21) This choice of treatment finds some support in established

---

[4] Steele, Phillip M., and Kelly, John D., Ankle Fracture, eMedicine. Eds. David T. Bernherdt, et al. Jun. 5, 2006. Medscape. Jan. 12, 2009 <http://emedicine.com/sports/topic4.htm>.

[5] Judd, Daniel B. and Kim, David H., Foot Fractures Frequently Misdaignosed as Ankle Sprains, Am. Fam. Physician, 2002 Sep. 1;66(5):785-795. www.aafp.org/afp/2002/0901/p785.html

medical practice.[6] Plaintiff certainly did receive treatment for his injury (i.e., ice, crutches, Motrin, wrapping with ACE bandages, a "No Work" detail, and instructions not to bear weight (and later not to engage in sports)). However, Plaintiff disagrees with the adequacy of the treatment and medical judgment of P.A. Tyree. While this *may* create a question of fact as to whether P.A. Tyree was negligent or engaged in malpractice,[7] it does not amount to deliberate indifference. *Westlake,* 537 F.2d at 860 n. 5 (6th Cir. 1976). Second, Plaintiff received a bottom bunk assignment and a cast within 8 and 11 days, respectively, of the definitive diagnosis of a fractured ankle. To the extent Plaintiff argues the delay in providing the treatment (cast) caused him injury, he must have "verifying medical evidence" in the record to demonstrate the detrimental effect of the delay in order to prevail on the claim. *Napier v. Madison County, Ky.*, 238 F.3d 739, 742-743 (6th Cir. 2001); *see also, Craw v. Gray,* 159 F.Supp.2d 679, 684 (N.D. Ohio, 2001)*; Howard v. Calhoun County,* 148 F.Supp.2d 883, 888-889 (W.D. Mich. 2001). Plaintiff has failed to present any such medical evidence, and Plaintiff's prison's medical records indicate Plaintiff's ankle properly healed with no deformity or residual problems of any kind. (Dkt. No. 64, Ex. A, p. 407). As a matter of law, Plaintiff cannot establish a claim for deliberate indifference and his remaining claim against P.A. Tyree must be dismissed. Furthermore, since Plaintiff has been transferred to another facility, any request for injunctive relief Plaintiff may have against P.A. Tyree is moot. *Kenseu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

---

[6] "For small, non-displaced fractures, early immobilization in a nonweight-bearing, short leg cast or compressive dressing. . .has been successful." *See* footnote 5.

[7] Plaintiff cannot proceed with a medical malpractice claim because he failed to file an "affidavit of merit," and the statute of limitations is two years which is not tolled if the affidavit is not filed. M.C.L. 600.2912d(1); *Young v. Sellers*, 254 Mich. App. 477 (2002).

## IV.   RECOMMENDATION

For the reasons stated above, it is **RECOMMENDED** that P.A. Tyree's motion for summary judgment (Dkt. No. 64) be **GRANTED** and Plaintiff's lawsuit **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

S/Mark A. Randon<br>
MARK A. RANDON<br>
UNITED STATES MAGISTRATE JUDGE

Dated:  January 21, 2011

## CERTIFICATE OF SERVICE

*I hereby certify that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 21, 2011.*

*S/Melody R. Miles*
*Case Manager to Magistrate Judge Mark A. Randon*